ORIGINAL

FILED IN CLERK'S OFFICE

AUG 14 2003

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALLISON FENSTERMACHER,

    Plaintiff,

v.

STRATEGIC VISION, LLC, DAVID JOHNSON, and LAURA WARD,

    Defendants.

CIVIL ACTION

NO. _____

1 03 CV 2428
-CC

## COMPLAINT

This is an action to recover unpaid wages, overtime compensation, commissions, damages for harassment, an accounting and to obtain other relief as permitted by law against Plaintiff's former employer, Strategic Vision, LLC (herein "Strategic Vision"), its members, principals and managers, Defendant David Johnson (herein "Johnson") and Defendant Laura Ward (herein "Ward"), collectively referred to as "Defendants."

### THE PARTIES

1.

Plaintiff is a resident of Cobb County, Georgia, and was employed by Strategic Vision for the period from January 6, 2003 to May 22, 2003.

*1*

2.

Strategic Vision is a limited liability company engaged in the public relations business, organized and existing under the laws of the State of Georgia, having its principal place of business and registered office located at Suite 400, 235 Peachtree Street, Atlanta, Fulton County, Georgia 30303, and may be served with service of process by service upon Johnson or Ward, its principals, members and managers at said principal office and registered office, or upon Kevin A. Adamson, Esquire, its registered agent for service at his office at Suite 3305, 101 Marietta Street, N.W., Atlanta, GA 30303.

3.

Johnson is an individual who resides at 3142 Paces Station Ridge, Atlanta, Cobb County, Georgia 30339, in the Northern District of Georgia, is, and at all relevant times has been, a manager, member and principal of Strategic Vision, has conspired with, acted in concert with and aided and abetted the other Defendants in the actions complained of herein, and may be served with service of process in the Northern District of Georgia.

4.

Ward is an individual who resides at 3142 Paces Station Ridge, Atlanta, Cobb County, Georgia 30339, in the Northern District of

Georgia, is, and at all relevant times has been, a manager, member and principal of Strategic Vision, has conspired with, acted in concert with and aided and abetted the other Defendants in the actions complained of herein, and may be served with service of process in the Northern District of Georgia.

## JURISDICTION

5.

This an action under the Fair Labor Standards Act, 29 U.S.C., Section 201, *et seq.*, permitting Plaintiff to recover for unpaid wages and overtime pay and to seek other related amounts and relief as permitted by law.

6.

This Court has federal question jurisdiction under 28 U.S.C. Section 1331.

## VENUE

7.

The illegal and/or improper acts complained of in this action were committed in the Northern District of Georgia and venue in this District is proper pursuant to 28 U.S.C. Section 1391.

## **STATEMENT OF CLAIM**

### **COUNT I**

8.

Plaintiff was a "salary" "non-exempt" employee of Strategic Vision for the period from January 6, 2003 through May 22, 2003, within the meaning of 29 U.S.C. Section 201, *et seq.*

9.

Pursuant to said employment, as of May 2003, Plaintiff was to be paid a salary of $2,500.00 per month, exclusive of overtime, plus commissions of 50% of initial revenues for clients brought by Plaintiff to Strategic Vision, except with respect to one client for which a specific amount was agreed.

10.

Plaintiff resigned from employment with Strategic Vision effective May 22, 2003.

11.

Despite repeated demands by Plaintiff, Strategic Vision has failed and refused to pay Plaintiff wages due Plaintiff for services performed during May 2003 in amounts equal to at least $1,762.50.

12.

Strategic Vision has also failed and refused to pay Plaintiff overtime pay for hours worked in excess of 40 hours in a work week for the entire period of employment, and such overtime is or should be verifiable through the payroll and time records of Strategic Vision.

13.

Strategic Vision's failure to pay Plaintiff her wages, including overtime, has been willful within the meaning of the Fair Labor Standards Act, thereby entitling Plaintiff to liquidated damages, including reasonable attorney fees, costs and to the three-year statute of limitations.

14.

Johnson and Ward, as members, principals and managers of Strategic Vision, conspired with Strategic Vision and with one another and acted in concert with and aided and abetted Strategic Vision in each of the foregoing and caused Strategic Vision to: (a) breach its obligations to Plaintiff described above, and (b) undertake the improper actions described hereafter.

## COUNT II

15.

Plaintiff realleges the allegations set forth in paragraphs 1 through 14 above as if set forth herein verbatim.

16.

This is also an action under contract and under Georgia laws, including the Georgia Labor and Industrial Relations laws at Title 34, Official Code of Georgia and otherwise.

17.

Plaintiff has demanded from Defendants an accounting for commissions earned by Plaintiff and due to Plaintiff; and, Defendants have failed and refused to provide any such accounting to Plaintiff.

18.

Plaintiff is entitled to commissions and an accounting of commissions earned and due which Defendants continue to fail and refuse to provide or to pay.

19.

Defendants failure to render an accounting of commissions earned and due and to pay Plaintiff said commissions has been willful within the meaning of the Georgia Labor and Industrial

Relations laws, thereby entitling Plaintiff to liquidated damages, reasonable attorney fees and costs.

**COUNT III**

20.

Plaintiff realleges the allegations set forth in paragraphs 1 through 19 above as if set forth herein verbatim.

21.

Defendants have violated federal and state labor laws requiring certain record keeping.

22.

Plaintiff is entitled to injunction against Defendants requiring Defendants to comply with the labor laws requiring said record keeping.

23.

Defendants' failure to keep records as required by law has been willful within the meaning of the federal and state labor laws, thereby entitling Plaintiff to liquidated damages, costs and reasonable attorney fees.

**COUNT IV**

24.

Plaintiff realleges the allegations set forth in paragraphs 1 through 23 above as if set forth herein verbatim.

25.

During Plaintiff's said employment, Defendants undertook a pattern of harassment of Plaintiff.

26.

Subsequent to Plaintiff's resignation, Strategic Vision sent to Plaintiff two emails falsely accusing Plaintiff of felony criminal behavior, improperly and illegally threatening to cause Plaintiff to be criminally prosecuted and falsely identifying the person from whom such emails were sent, committing identity fraud against Plaintiff.

27.

Said emails contained libelous, false and malicious defamation against Plaintiff expressed in writing, tending to injure the reputation of Plaintiff and exposing to her public hatred, contempt or ridicule.

28.

Said communications imputed to Plaintiff a crime punishable by law and charged Plaintiff with being guilty of debasing acts.

29.

Said communications made charges against Plaintiff in reference to her traded, office or profession, calculated to injure her therein.

30.

In addition, Defendants threatened to prevent Plaintiff from ever again being employed in the public relations field in Atlanta, Georgia.

31.

Said actions and communications of Defendants were illegal and/or improper and constituted harassment of Plaintiff made in an attempt to intimidate and harass Plaintiff in connection with Plaintiff's employment, trade or profession.

32.

Said actions and communications have been willful within the meaning of the Fair Labor Standards Act, thereby entitling Plaintiff to liquidated damages, including reasonable attorney fees, costs and to the three-year statute of limitations.

33.

As a result of the foregoing, Plaintiff is entitled to recover from Defendants liquidated damages, actual damages, punitive and exemplary damages and attorney fees.

WHEREFORE, Plaintiff demands the following:

(1) wages, including overtime wages due;

(2) commissions earned and due;

(3) liquidated damages;

(4) prejudgment interest;

(5) punitive and exemplary damages

(6) reasonable attorney fees;

(7) such other and further relief as is just and proper; and

(8) **TRIAL BY JURY**.

                          Respectfully submitted.

                          */s/ S.F. Carley*

                          Stephen F. Carley
                          Ga. State Bar No. 109500
                          Attorney for Plaintiff

Suite 920  
3060 Peachtree Road, N.W.  
Atlanta, GA 30305  
TEL: 404/352-0700  
FAX: 404/869-9960

**ORIGINAL**

# UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
ATLANTA Division

Allison Fenstermacher
                              PLAINTIFF
        v.

Strategic Vision LLC, David Johnson
And Laura Ward
                              Defendants

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 1 03 CV 2428

TO: (Name and address of Defendant)

Laura Ward
235 Peachtree St
Ste 400
Atlanta GA 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen F. Carley
3060 Peachtree Rd
Suite 920
Atlanta, GA 30305

an answer to the complaint which is served on you with this summons, within Twenty (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS                           AUG 14 2003
CLERK                                      DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Actio

**ORIGINAL**

## UNITED STATES DISTRICT COURT

Northern District of Georgia
Atlanta Division

Allison Fenstermacher
            Plaintiff
v.

Strategic Vision, LLC,
David Johnson + Laura Ward
            Defendants

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

**1 03 CV 2428**

TO: (Name and address of Defendant)

Strategic Vision LLC
c/o David Johnson or Laura Ward
235 Peachtree St
Ste 400
Atlanta, GA 30303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen F. Carley
3060 Peachtree Rd
Suite 920
Atlanta GA 30305

an answer to the complaint which is served on you with this summons, within **Twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**LUTHER D. THOMAS**                              AUG 14 2003

CLERK                                             DATE

(By) DEPUTY CLERK

# UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA
ATLANTA Division

Allison Fenstermacher
PLAINTIFF
v.
Strategic Vision, LLC, David Johnson
and Laura Ward
Defendants

SUMMONS IN A CIVIL CASE

CASE NUMBER: 1 03 CV 2428

TO: (Name and address of Defendant)

David Johnson
235 Peachtree St
Ste 400
Atlanta GA 30303

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Stephen F Carley
3060 Peachtree Rd
Suite 920
Atlanta GA 30305

an answer to the complaint which is served on you with this summons, within Twenty (20) days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

LUTHER D. THOMAS                                AUG 14 2003
CLERK                                           DATE

(By) DEPUTY CLERK